OPINION
{¶ 1} This is an accelerated-calendar appeal, stemming from a final judgment of the Geauga County Court of Common Pleas, Juvenile Division. Appellant, William Rovtar, seeks the reversal of the trial court's decision overruling his request that the records of his juvenile conviction be sealed. Essentially, appellant asserts that the sealing of those records was mandatory in this instance because he was never given proper notice of his statutory "right" to apply for such an order under R.C. 2151.358.
 {¶ 2} In June 1981, a delinquency complaint was filed against appellant before the trial court. The complaint basically alleged that, when appellant was the age of seventeen, he had purposefully caused the death of Mirko J. Rovtar, Jr., his father. Approximately two months later, appellant entered a plea of true to this sole charge. Upon accepting that plea, the trial court expressly found that appellant was a delinquent child.
 {¶ 3} As part of its dispositional order, the trial court initially committed appellant to the permanent custody of the Ohio Youth Commission. However, the court suspended the commitment and then ordered that appellant be evaluated at a mental health facility in the state of Maryland. Ultimately, the court continued the suspension and placed him on probation so that he could continue to receive treatment at the Maryland facility until he reached the age of twenty-five.
 {¶ 4} In February 1985, the trial court made a preliminary determination to terminate appellant's probationary status. This determination was based on the recommendation of his probation officer, who stated that appellant had complied with the requirements of his probation and no longer needed to be supervised. The official judgment discharging him from probation was then released in November 1985.
 {¶ 5} Approximately three weeks following the issuance of the "discharge" judgment, appellant's probation officer sent him a letter which was primarily intended to inform him that the underlying juvenile case had ended as a result of his discharge. The letter also contained a paragraph indicating that, after a period of two years, appellant would be entitled to submit an application to have the record of his juvenile conviction expunged. However, although the paragraph also referred to R.C. 2151.358, it did not provide any explanation with respect to what sealing the record meant, and regarding the possible consequences of failing to have his record sealed.
 {¶ 6} The foregoing letter was sent by regular mail to the prior Geauga County address of appellant's mother. Since the mother had moved at some point during the four-year probationary period, the letter was returned as "undeliverable." The probation officer then took steps to ensure that copies of the letter were sent to appellant's attorney and psychologist. Despite this, appellant did not take any steps over the next sixteen years to move the trial court to seal his juvenile record.
 {¶ 7} In May 2001, the trial court received a request from the Maryland State Police for the release of information concerning appellant. After the trial court had allowed certain information to be released, appellant submitted a motion to seal his entire record under R.C. 2151.358. Even though the trial court immediately scheduled an oral hearing on the motion, appellant chose to withdraw his request before the matter could proceed.
 {¶ 8} In November 2005, appellant filed a new motion in which he asked the trial court to "journalize" a prior determination that he was entitled to have his juvenile record sealed for all purposes. As the basis for this motion, appellant asserted that the 1985 letter of the probation officer had been insufficient to satisfy the statutory requirements concerning proper notice to a juvenile offender of his ability to apply for the sealing of his record. For example, he alleged that the letter had not been sent in accordance with the time requirement of R.C. 2151.358(C). Based upon this, appellant argued that the trial court had been obligated to seal his record in 1987, and that a judgment should now be rendered to officially recognize the result of the improper notice.
 {¶ 9} Once the state had submitted a response on the matter, the trial court issued a judgment overruling appellant's new motion. At the outset of its analysis, the trial court first found that it had never made an express determination as to whether appellant was entitled to have his juvenile record sealed. Second, the court held that, in sending the 1985 letter, the probation officer had substantially complied with the general statutory requirements for providing notice of the right to seek the sealing of his prior conviction. Finally, the trial court stated, that even if the letter did not fully comply with the statute, appellant still had an adequate remedy through the submission of an actual motion to seal the record.
 {¶ 10} In now appealing the denial of his motion, appellant has assigned the following as error:
 {¶ 11} "The trial court erred in failing to order Appellant's juvenile record sealed, pursuant to R.C. 2151.358."
 {¶ 12} Under this sole assignment, appellant maintains that, in ruling upon his motion to "journalize" a decision as to the sealing of his record, the trial court both misapplied and misinterpreted the "notice" requirement of R.C. 2151.358. First, he submits that the trial court misapplied the statute by holding that the officer's letter substantially satisfied the substantive and timing requirements for proper notice. As to this point, appellant states that the 1985 letter was not mailed to him at the correct time and did not reference the necessary information concerning an application to seal. Second, he contends that the trial court misinterpreted the statute by refusing to hold that, once proper notice was not given, his juvenile conviction had to be sealed as a matter of law.
 {¶ 13} As appellant correctly notes in his brief, the ability of a former juvenile delinquent to apply for the sealing of his record is governed by R.C. 2151.358. As of 1985, at the time the probation officer tried to mail the letter to appellant, this statute contained the following provisions:
 {¶ 14} "(C) Two years after the termination of any order made by the court or two years after the unconditional discharge of a person from the department of youth services or other institution or facility to which the person may have been committed, the court that issued the order or committed the person shall:
 {¶ 15} "* * *
 {¶ 16} "(2) If the person was adjudicated a delinquent child, either order the record of the person sealed or send the person notice of his right to have his record sealed.
 {¶ 17} "The court shall send the notice within ninety days after the expiration of the two-year period by certified mail to the person at his last known address. The notice shall state that the person may apply to the court for an order to seal his record, explain what sealing a record means, and explain the possible consequences of not having his record sealed."
 {¶ 18} In regard to the provisions of the last paragraph of the foregoing quote, this court would agree with appellant that the probation officer's letter in the instant case was not sufficient to satisfy the clear statutory requirements. First, our review of the trial record confirms that the 1985 letter was mailed only ten months after the trial court had made its initial decision to terminate appellant's probation. In addition, the letter was not sent by certified mail, as is expressly required by the statute.
 {¶ 19} More importantly, though, this court would note that the substance of the officer's letter was lacking. Not only did the letter mistakenly refer to an application to "expunge" instead of an application to "seal" the juvenile conviction, but it contained absolutely no discussion of why appellant might wish to seal the conviction and what the ramifications could be if his record remained unsealed. To this extent, it is certainly arguable that the 1985 letter was not even intended to comply with the requirements of R.C.2151.358(C), and that the letter was referenced in relation to the present point simply because it was the only type of notice sent by a juvenile court employee regarding the possible sealing of appellant's juvenile record.
 {¶ 20} Therefore, the dispositive issue in the instant appeal concerns the legal effect of the juvenile court's failure to provide proper notice. Appellant submits that, pursuant to the specific language of R.C. 2151.358(C), a trial court only had two options in a case involving a delinquent child: (1) immediately order the sealing of the child's record once the two-year waiting period has ended; or (2) send the child the proper notice of his right to file an application to seal. Appellant further submits that, since there were only two options, the failure to provide the necessary notice means that the first option became automatically effective. That is, he believes that the statute mandated the sealing of his record regardless of the merits of his individual situation.
 {¶ 21} The nature of the foregoing issue requires this court to interpret the meaning of the applicable version of R.C. 2151.358. In engaging this process, we must follow the fundamental principle that the primary purpose of statutory interpretation is to discern the intent of the legislature in enacting the relevant law. Carnes v. Kemp,104 Ohio St.3d 629, 2004-Ohio-7107. In following this principle in previous cases, this court has stated:
 {¶ 22} "* * * It is a fundamental rule under Ohio law that a court must first look to the statute's language itself to determine the legislative intent. * * * Shover v. Cordis Corp. (1991), 61 Ohio St.3d 213, 218, * * *. In interpreting a statute, "`words and phrases shall be read in context and construed according to the rules of grammar and common usage. * * *'"Indep. Ins. Agents of Ohio, Inc. v. Fabe (1992), 63 Ohio St.3d 310, 314, quoting R.C. 1.42. Courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of statutory interpretation, but must give effect to the words used. State ex rel.Fenley v. Ohio Historical Soc. (1992), 64 Ohio St.3d 509, 511, * * *. In other words, courts may not delete words used or insert words not used.Cline v. Ohio Bur. Of Motor Vehicles (1991), 61 Ohio St.3d 93, 97, * * *."Bd. of Park Commrs. of Lake Metroparks v. Norfolk and Western RailwayCo. (1999), 131 Ohio App.3d 412, 417.
 {¶ 23} In applying the foregoing rules to the instant statute, this court would emphasize that R.C. 2151.358(C) does not contain any specific language as to the legal effect of failing to provide proper notice of the right to apply for relief. In light of this, appellant asserts that when a statute only refers to two possible options, the failure to properly invoke one option automatically means that the second option applies. However, upon reviewing the provisions of subsection (C) in the context of the entire statute, we hold that appellant's interpretation of the statute is illogical.
 {¶ 24} Specifically, this court would note that subsection (D) of the statute set forth the procedure a trial court had to follow when an application to seal a juvenile record had been filed. Besides stating that a hearing on an application had to be held within sixty days, subsection (D) also delineated the standard to be employed in deciding whether to grant the application: "If the court finds that the rehabilitation of the person who was adjudicated a delinquent child has been attained to a satisfactory degree, the court may order the record of the person sealed."
 {¶ 25} Pursuant to this standard, it is readily apparent that the General Assembly did not intend for the record of a delinquent child to be sealed solely because he had finished his commitment and had been discharged by the juvenile court. Instead, the standard mandates that an application to seal should not be granted unless the purpose of the commitment had been met; i.e., the delinquent child must have been rehabilitated to the point that he could be a responsible member of society. Furthermore, the language of R.C. 2151.358(C) supports the conclusion that the General Assembly realized that, in some instances, it would be possible for a trial court to make the "rehabilitation" decision immediately after the end of the juvenile's commitment. However, subsection (C) also recognizes that, in other instances, that decision could not be properly made until the juvenile offender had actually had an opportunity to prove his ability to live in society without committing any additional criminal acts.
 {¶ 26} Given the requirement of actual rehabilitation, this court concludes that the Ohio legislature could not have intended for the lack of proper notice under R.C. 2151.358(C) to automatically entitle a juvenile delinquent to have his record sealed. Simply stated, appellant's proposed interpretation would defeat the basic purpose of the entire statute. As to this point, we would further indicate that R.C. 2151.358 did not place any time limit upon the filing of an application to seal. Accordingly, a trial court's failure to provide the requisite notice could never result in the total forfeiture of the right to file an application to seal. While there still could be instances in which the juvenile offender could be prejudiced by the lack of notice, the degree of this prejudice would not warrant the sealing of the record when the offender has not been truly rehabilitated.
 {¶ 27} In support of the foregoing analysis, we would indicate that, in regard to criminal defendants, the Supreme Court of Ohio has stated that a person does not possess a substantive right to have a conviction expunged; rather, expungement is viewed as an "act of grace" created by the state. State v. Hamilton (1996), 75 Ohio St.3d 636, 672. As a result, a criminal defendant is not entitled in an expungement proceeding to the same degree of due process as normally accorded in the original criminal proceeding. Id. Even though the differences between a juvenile offender and a criminal defendant sometimes warrant the application of different standards, this court cannot discern any reason why the foregoing holdings would not apply to a juvenile offender for purposes of the sealing or expungement of prior convictions.
 {¶ 28} As part of his argumentation, appellant contends that the provisions of R.C. 2151.358 must be construed in light of the general rule that the statutes in R.C. Chapter 2151 were intended to ensure the care, protection, and development of children. See R.C. 2151.01(A). However, while the Supreme Court has agreed that the foregoing rule is applicable to statute involving dependent or neglected children, it does not apply in relation to delinquent children. See In re Cross,96 Ohio St.3d 328, 2002-Ohio-1483, at ¶ 20. Thus, we again conclude that the provisions of R.C. 2151.358 must be interpreted in the same manner as the Supreme Court has indicated in regard to expungement statutes for criminal defendants.
 {¶ 29} In summation, this court holds that, since R.C. 2151.358(C) did not contain any specific language which required a juvenile court to seal a delinquent's record when that court failed to give proper notice of the right to file an application to seal, the provision had to be interpreted in light of the general purpose of the entire statute. In enacting the 1985 version of that statute, the General Assembly clearly intended that a delinquent offender would not be entitled to have his prior conviction sealed unless he had been satisfactorily rehabilitated. Hence, it follows that the "notice" requirement of the statute was only intended to be directive in nature, and that the failure to provide proper notice would not entitle the offender to have his record automatically sealed.
 {¶ 30} To the extent that the trial court held that appellant had to submit an application to seal to obtain final relief in his favor, that court did not err in overruling his motion to journalize an order on the matter. Accordingly, appellant's sole assignment of error in this appeal lacks merit.
 {¶ 31} The judgment of the Geauga County Court of Common Pleas, Juvenile Division, is affirmed.
DONALD R. FORD, P.J., WILLIAM M. O'NEILL, J., concur.